UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY                          CIVIL ACTION

VERSUS                                     NUMBER 16-00015-SDD-EWD

TAMMY F. VARNADO, TYLER
VARNADO, KAYLA VARNADO, AND
RENAISSANCE SERVICES, INC.

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 24, 2016.

_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY                          CIVIL ACTION

VERSUS                                     NUMBER 16-00015-SDD-EWD

TAMMY F. VARNADO, TYLER
VARNADO, KAYLA VARNADO, AND
RENAISSANCE SERVICES, INC.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is the Motion to Strike Jury Demand (Rec. Doc. 8) brought by Hartford Life and Accident Insurance Company ("Hartford"). For the reasons set forth herein, the court recommends that the Motion to Strike Jury Demand be GRANTED.

I.   PROCEDURAL HISTORY

On January 8, 2016, Hartford filed a Complaint in Interpleader naming Tammy F. Varnado, Tyler Varnado, Kayla Varnado, and Renaissance Services, Inc. as defendants.[1] Therein, Hartford alleged that Michael Varnado (the "Decedent") was a participant in the Group Long Term Disability, Basic Term Life, Supplemental Dependent Life, and Supplemental Life Term Plan for employees of Athlon Solutions, LLC (the "Plan").[2] Hartford further alleged that because Decedent's widow, Tammy F. Varnado, "has not been ruled out as a suspect" in Decedent's death, it cannot determine the proper beneficiary to receive Plan benefits.[3]

On February 2, 2016, Tammy F. Varnado filed an Answer to the Complaint in Interpleader,

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 1, ¶ 8.

[3] Rec. Doc. 1, ¶¶ 12-21.

Counterclaim against Hartford, and Third-Party Complaint.[4] In her counterclaim, Tammy Varnado asserts that she is entitled to $154,000.00 in basic life benefits and supplemental life benefits under the Plan.[5] Ms. Varnado asserts that Hartford had a duty to investigate her claim for benefits under the Plan in good faith pursuant to La. R.S. § 22:1973 and that Hartford failed to act in good faith "by not conducting its' (sic) own investigation of the Decedent's death, which investigation would have eliminated [Tammy Varnado] of being disqualified from receiving the proceeds of any insurance policy providing coverage for her husband's life…."[6] In addition to seeking a declaratory judgment declaring that she is entitled to $154,000.00 in Plan benefits, Ms. Varnado alleges that she has been damaged: (1) to the extent Hartford seeks recovery of its attorney fees and costs in this action and those amounts reduce the amount otherwise payable to her; (2) in the amount of her own attorney fees and costs incurred in pursuing her claims; and (3) in the amount of interest on the insurance proceeds from the date of loss.[7]

Tammy Varnado asserts that she "is entitled to, and therefore demands, a trial by jury as to those aspects of this Counterclaim wherein a trial by jury is recognized."[8] Hartford has moved for an order "striking Tammy F. Varnado's demand for a jury trial on 'those aspects of [her]

---

[4] Rec. Doc. 7. The Third Party Complaint names Scott Jones, individually and in his official capacity as the Chief of Police for the Denham Springs Police Department and/or the City of Denham Springs; the Denham Springs Police Department; and the City of Denham Springs, Louisiana as third party defendants. The third party defendants have not filed responsive pleadings.

[5] Rec. Doc. 7, ¶ H. Per the Complaint in Interpleader, Hartford asserts that at the time of Decedent's death, he was enrolled under the Plan for basic and supplemental life insurance coverage in the total amount of $124,000.00. Rec. Doc. 1, ¶ 14. In her counterclaim, Ms. Varnado disputes the amount of coverage and asserts that the total amount of coverage is $154,000.00. Rec. Doc. 7, ¶ H.

[6] Rec. Doc. 7, ¶ D.

[7] Rec. Doc. 7, ¶ I.

[8] Rec. Doc. 7, ¶ J.

Counterclaim wherein a trial by jury is recognized.'"[9] No opposition to the Motion to Strike has been filed.

## II. ANALYSIS

### A. Ms. Varnado's Claims

Hartford and Tammy Varnado agree that determination of the Plan benefits at issue is regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 USC § 1001, *et seq.*[10] Here, Ms. Varnado seeks a declaratory judgment declaring she is entitled to recover "the full amount of basic and supplemental life insurance proceeds under the terms of The Plan."[11] She also asserts that she has been damaged to the extent Hartford recovers attorney fees and costs that reduce the amount of Plan benefits payable to her, in the amount of her own fees and costs, and in the amount of interest on the insurance proceeds from the date of loss.

Under the civil enforcement provisions of 29 USC § 1132(a), "a plan participant or beneficiary may sue to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future benefits. Relief may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 US 41, 53 (1987). Additionally, "[i]n an action under these civil enforcement provisions, the court in its discretion may allow an award of attorney's fees to either party." *Id*. (citing 29 USC 1132(g)). The civil enforcement section of ERISA states:

---

[9] Rec. Doc. 8.

[10] *See*, Joint Status Report of the Parties, Rec. Doc. 9, pp. 1-2.

[11] Rec. Doc. 7.

3

> (a) A civil action may be brought—
>
> (1) by a participant or beneficiary—
>
> … (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;…
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan;
>
> ….

As set forth in 29 USC § 1132(a)(1)(B), a plan beneficiary may bring a civil action to recover benefits due to him under the terms of the plan. Additionally, pursuant to 29 USC § 1132(a)(3), a beneficiary may obtain "other appropriate equitable relief." The Supreme Court has cautioned that "[t]he deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive." *Id*. at 54. *See also*, *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 US 134, 147 (1985) ("The six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted, however, provide strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly.").

### B. Availability of a Jury Trial in ERISA Suits

"There is typically no right to a jury trial for claims under ERISA, because ERISA claims generally sound in equity rather than in law." *Brown v. Aetna Life Ins.*, 975 F.Supp.2d 610, 629 (W.D. Tex. 2013). *See also*, *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994) ("ERISA law is closely analogous to the law of trusts, an area within the exclusive jurisdiction of the courts

4

of equity….We have held, as have the majority of the other circuits, that ERISA claims do not entitle a plaintiff to a jury trial."). "The mere fact that the appellant would receive a monetary award if he prevailed does not compel the conclusion that he is entitled to a jury trial." *Calamia v. Spivey*, 632 F.2d 1235, 1236-37 (5th Cir. 1980). Although the Fifth Circuit has "arguably left open the possibility that an ERISA plaintiff could receive a jury trial for a claim predicated solely upon legal relief,"[12] it has also explicitly held that no right to jury trial exists for claims analogous to those brought by Ms. Varnado. *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir. 1980) (holding that appellant was not entitled to a jury trial for his suit seeking a declaration of his rights under a pension plan and compensatory and punitive damages).

Because Ms. Varnado's claims seeking a declaration of her right to the proceeds of the Plan and prejudgment interest[13] sound in equity,[14] it is appropriate to strike Ms. Varnado's jury

---

[12] *Brown v. Aetna Life Ins.*, 975 F.Supp.2d 610, 629 (W.D. Tex. 2013) (citing *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323-24 (5th Cir. 1994)).

[13] To the extent Ms. Varnado seeks an award of interest, this court has previously held that such damages cannot be recovered under ERISA. *Sublett v. Premier Bank Self Funded Medical* Plan, 683 F.Supp. 153, 155 (M.D. La. 1988) (granting partial summary judgment dismissing plaintiff's claims for damages for the interest lost on the claim, mental anguish, additional expenses "incurred as a result of defendant's actions," and penalties under Louisiana insurance statutes). In any event, even if interest is awardable, such relief would be considered equitable. *See e.g.*, *Executone Info. Sys., Inc. v. Davis*, 23 F.3d 1314, 1330 (5th Cir. 1994) ("The award of prejudgment interest 'is based on the equitable grounds that an injured party should be made whole.'"); *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 984 (5th Cir. 1991) ("an award of prejudgment interest under ERISA furthers the purposes of that statute by encouraging plan providers to settle disputes quickly and fairly, thereby avoiding the expense and difficulty of federal litigation."). Because such an award would be considered an equitable remedy, there is no right to a jury for that claim.

[14] Although Ms. Varnado alleges that Hartford "failed to act in good-faith and to adjust this Counterclaimant's claim," she does not assert an explicit cause of action under Louisiana law for breach of an insurer's duty of good faith. La. R.S. § 22:1973 imposes upon an insurer a duty of good faith and fair dealing. La. R.S. § 22:1973(C) provides, in part, that "[i]n addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." In addition, La. R.S. § 22:656 provides that "[a]ll death claims arising under policies of insurance issued or delivered in this state shall be settled by the insurer within sixty days after the date of receipt of due proof of death, and if the insurer fails to do so without just cause, the amount due shall bear interest at the rate of eight percent per annum from the date of receipt of due proof of death by the insurer until paid." To the extent Ms. Varnado seeks recovery of punitive damages/penalties for Hartford's alleged failure to investigate or adjust her claim in good faith, such claims would be preempted under ERISA. *See*, *Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 32 (5th Cir. 1993) ("We join the other circuits that have held that section 502(a)(1)(B) does not allow the recovery of extracontractual or punitive damages."); *Sublett v. Premier Bancorp Self*

5

demand.  *See, Sublett v. Premier Bancorp Self Funded Medical Plan*, 683 F.Supp. 153, 155 (M.D. La. 1988) (granting motion to strike jury demand and noting that "[i]t is clear that no right to a trial by jury exists under ERISA on an action to recover benefits, or to clarify or enforce rights under an employee welfare benefit plan."); *Fonner v. Georgia-Pacific Corp.*, 747 F.Supp. 340, 341 (M.D. La. 1990) (granting motion to strike jury demand and explaining that "[i]t is fairly clear in cases decided by the Fifth Circuit Court of Appeals that no right to a jury trial exists in matters regulated by ERISA."); *Sloan v. Illinois Central Hospital Association*, 1992 WL 202340, at *2 (E.D. La. Aug. 11, 1992) (striking plaintiffs' jury request because "it is beyond cavil that plaintiffs are not entitled to a jury trial on ERISA claims.").[15]

---

*Funded Medical Plan*, 683 F.Supp. 153, 155 (M.D. La. 1988) (explaining that plaintiff's claims for penalties under La. R.S. §§ 22:657 and 658 have been preempted by ERISA.); *Wright v. Louisiana Corrugated Products, LLC*, 59 F.Supp.3d 767 (W.D. La. 2014) ("Courts consistently have recognized that ERISA preempts a claim for unpaid benefits, penalties, and fees under Louisiana Revised Statute § 22:657 (now § 22:1821)."); *Goldman v. Hartford Life and Accident Ins. Co.*, 2004 WL 1934986, at *3 (E.D. La. Aug. 31, 2004) (dismissing plaintiff's demand for penalties because civil enforcement provisions of ERISA are exclusive and "ERISA does not provide a remedy of penalties to a party seeking to recover benefits due to him under the terms of his insurance plan.").

[15] Ms. Varnado asserts that she has been damaged to the extent Hartford seeks to recover attorney's fees and costs "to be paid from the proceeds otherwise payable" to her and "in the amount of attorneys' fees and costs associated with the advancement of her claim and Counterclaim." Rec. Doc. 7, ¶ I.  The court recognizes that ERISA provides for an award of attorney's fees and costs under the terms set out in 29 USC § 1132(g).  See, *Hardt v. Reliance Standard Life Ins. Co.*, 560 US 242, 255 (2010).   The court makes no determination here regarding any party's entitlement to attorney fees and costs.  Moreover, the court does not consider a potential future award of fees or costs under ERISA to have bearing on Ms. Varnado's right to a jury trial.

6

## RECOMMENDATION

It is the recommendation of the magistrate judge that Hartford's Motion to Strike Jury Demand (Rec. Doc. 8) be granted and that an order issue striking Tammy Varnado's demand for jury trial on her Counterclaim.

Signed in Baton Rouge, Louisiana, on March 24, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**