UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-15-SDD-EWD** |
| **TAMMY F. VARNADO, ET AL.** | |

### NOTICE AND ORDER

On January 8, 2016, Hartford Life and Accident Insurance Company ("Hartford") filed a Complaint in Interpleader naming Tammy F. Varnado, Tyler Varnado, Kayla Varnado, and Renaissance Services, Inc. as defendants.[1] Therein, Hartford alleges that Michael Varnado (the "Decedent") was a participant in the Group Long Term Disability, Basic Term Life, Supplemental Dependent Life, and Supplemental Life Term Plan for employees of Athlon Solutions, LLC (the "Life Plan").[2] While Hartford alleged it was "ready, willing and able to pay the [Life] Plan Benefits,"[3] it asserted it could not "determine the proper beneficiary or beneficiaries of the Plan Benefits at issue…."[4] because Decedent's widow, Mrs. Tammy Varnado ("Mrs. Varnado") had not been ruled out as a suspect in Decedent's death.[5]

Thereafter, Mrs. Varnado sought to file an amended counterclaim against Hartford (the "Motion to Amend") to assert a claim for $110,000.00 in Accidental Death and Dismemberment

---

[1] R. Doc. 1.

[2] R. Doc. 1, ¶ 8.

[3] R. Doc. 1, ¶ 23.

[4] R. Doc. 1, ¶ 21.

[5] R. Doc. 1, ¶ 18.

("AD&D") benefits (the "AD&D Claim").[6] Mrs. Varnado asserts that she should be allowed to amend her counterclaim to include the AD&D Claim "instead of being required to have such claim first submitted to and/or decided by The Hartford"[7] and argues that a requirement that she exhaust administrative remedies with respect to the AD&D Claim would be futile. Specifically, Mrs. Varnado argues that if Hartford "cannot determine whether [she] is or is not disqualified from receiving Michael's life and supplemental insurance benefits because she is a suspect in Michael's death, then the same rationale holds regarding" the AD&D Claim.[8] Hartford objects to the proposed amendments, arguing that unlike the claim for life benefits, it "has not had the opportunity to make a determination as to whether the AD&D benefits are payable."[9]

On August 18, 2016, this court received a letter from counsel for Kayla Varnado reporting that "[t]he Denham Springs Police Department issued a supplemental report and they have concluded that [Mrs. Varnado] is no longer a suspect in the death of her husband."[10] During an August 30, 2016 status conference, in light of the determination that Mrs. Varnado is not a suspect in Decedent's death, the parties discussed alternative methods to resolve the issue of the proper beneficiary of Decedent's insurance benefits. Following discussion, the parties agreed to negotiate a Consent Partial Judgment wherein Tyler and Kayla Varnado disclaim certain rights as beneficiaries of Decedent's insurance benefits. The parties agreed to submit a Consent Partial

---

[6] R. Docs 19, 20, 49. R. Doc. 20-3, ¶¶ 3-5.

[7] R. Doc. 20-2, p. 7. In her Memorandum in Support of the Motion for Expedited Consideration of Motion to Amend Counterclaim, Mrs. Varnado notes that "out of an abundance of caution" she has filed a claim for AD&D benefits with Hartford. R. Doc. 20-2, n. 4.

[8] R. Doc. 20-2, p. 9.

[9] R. Doc. 21, p. 2. During a May 26, 2016 scheduling conference with the parties, counsel for Hartford explained that Hartford had decided to leave the claim for AD&D benefits open until the conclusion of the police investigation. Because the claim had not been closed, Hartford would not withdraw its opposition to the Motion to Amend. *See*, R. Doc. 44.

[10] R. Doc. 56.

2

Judgment on the issue of Kayla and Tyler Varnado's interest in any of Decedent's insurance proceeds on or before September 20, 2016. No Consent Partial Judgment has been submitted to this court.

Additionally, during the August 30, 2016 status conference, counsel for Hartford, counsel for Denham Springs, Louisiana and Scott Jones (collectively, "Denham Springs"), and counsel for Mrs. Varnado agreed to speak with their respective clients regarding participation in a settlement conference to resolve the issues remaining after entry of the anticipated Consent Partial Judgment. These parties agreed to report back to the court on or before September 20, 2016 regarding whether their clients agree to participate in a settlement conference. By letter dated September 12, 2016, counsel for Mrs. Varnado advised that she is amenable to participating in a settlement conference.[11] By letter dated September 19, 2016, counsel for Denham Springs advised that Denham Springs is amenable to participating in a settlement conference.[12] By letter dated September 20, 2016, counsel for Hartford advised that Hartford "does not wish to participate in a settlement conference in this matter at this time."[13]

As noted above, in her pending Motion to Amend, Mrs. Varnado focuses on Hartford's inability to determine the proper beneficiary of *any* of Decedent's insurance benefits. In opposition, Hartford asserts that it has not had an opportunity to make a determination regarding whether AD&D benefits are payable; however, counsel for Hartford stated in a subsequent scheduling conference that Hartford had decided to leave the claim for AD&D benefits open until the conclusion of the police investigation. In light of the pending Motion to Amend, the recent developments regarding the determination of Mrs. Varnado's involvement in Decedent's death,

---

[11] R. Doc. 61.

[12] R. Doc. 62.

[13] R. Doc. 63.

and the parties' previous agreement to submit a Consent Partial Judgment on the issue of Kayla and Tyler Varnado's interest in any of Decedent's insurance proceeds;

**IT IS HEREBY ORDERED** that the parties submit a Joint Status Update, not to exceed ten pages total, within twenty-one (21) days of this Notice and Order.  The Joint Status Update shall address the following issues: (1) the parties shall set forth the status of the Consent Partial Judgment, including the specific reasons why such Consent Partial Judgment was not submitted to this court by the September 20, 2016 deadline; (2) Hartford shall describe with specificity the status of its administrative processing of the AD&D Claim, including (a) what information it needs to make a determination regarding that claim, (b) from whom it anticipates obtaining that information, (c) the time period it needs to process the AD&D Claim, and (d) the circumstances under which it will close and/or make a decision regarding the AD&D Claim; (3) Mrs. Varnado shall describe with specificity any and all efforts she has made to obtain any information requested by Hartford in order to process the AD&D Claim; (4) Denham Springs shall describe with specificity the status of the underlying investigation into Decedent's death, including whether and under what circumstances that investigation will be closed; (5) the parties will advise as to whether an agreement has been reached with regard to the amount of benefits payable under the Life Plan; and (6) Hartford and Mrs. Varnado shall state the amount of attorney's fees sought to date by each party and whether an agreement has been reached as to payment of attorney's fees.

**IT IS FURTHER ORDERED** that a scheduling conference in this matter is scheduled for Tuesday, November 1, 2016 at 1:30 p.m.

Signed in Baton Rouge, Louisiana, on September 26, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**